UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 22-cv-22972

CURTIS JACKSON, III p/k/a 50 CENT

    Plaintiff,

v.

ANGELA KOGAN and
PERFECTION PLASTIC SURGERY, INC.,
d/b/a PERFECTION PLASTIC SURGERY & MEDSPA,

    Defendants.
_____/

## DEFENDANTS' MOTION TO DISMISS

Defendants, Angela Kogan And Perfection Plastic Surgery, Inc., D/B/A Perfection Plastic Surgery & MedSpa (each individually, a "Defendant," and collectively, "Defendants"), by and through undersigned counsel, hereby file this Motion to Dismiss Plaintiff's, Curtis Jackson, III p/k/a 50 Cent ("Plaintiff"), Complaint, and, in support thereof, state as follows:

## OVERVIEW

    1.    Plaintiff filed his Complaint on September 16, 2022. Therein, Plaintiff alleges the following causes of action: (i) Count I (Right of Publicity – Unauthorized Misappropriation of Name/Likeness Pursuant to Fla. Stat. §540.08); (ii) Count II (Common Law Invasion of Privacy); (iii) Count III (Violation of the Lanham Act, 15 U.S.C. §1125(a): False Endorsement); (iv) Count IV (Violation of the Lanham Act, 15 U.S.C. §1125(a): False Advertising); (v) Count V (Conversion); and (vi) Count VI (Unjust Enrichment).

2. Plaintiff's Complaint fails to state a cause of action for which relief may be granted. For such reasons, as more fully explained below, Plaintiff's Complaint must be dismissed against Defendants.

## ARGUMENT

### A. Legal Standard

A motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6) should be granted when it appears that a plaintiff can prove no set of facts in support of his claim that would entitle him to relief. *See Linder v. Portocarrero*, 963 F.2d 332, 334 (11th Cir. 1992). A court considering a Rule 12(b)(6) motion generally is limited to the facts contained in the complaint and attached exhibits. *See Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 959 (11th Cir. 2009). Notwithstanding, the Court has discretion to consider matters outside of the pleadings in a Fed. R. Civ. P. 12(b)(6) motion to dismiss for the purpose of converting such motion into a motion for summary judgment. *See* Fed. R. Civ. P. 12(b); *see also Trustmark Ins. Co. v. ESLU*, Inc. 299 F.3d 1265, 1267 (11th Cir.2002); provided when such conversion occurs, the adverse party is "given express, ten-day notice of the summary judgment rules, of his right to file affidavits or other material in opposition to the motion, and of the consequences of default." *Griffith v. Wainwright*, 772 F.2d 822, 825 (11th Cir.1985).

In order to state a claim for relief, the pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The U.S. Supreme Court explained that the purpose of the rule is to "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957). While a court is required to accept as true the allegations contained in the complaint when considering a Rule 12 motion, courts "are not bound to accept as true a legal conclusion couched

as a factual allegation." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Factual allegations must contain more than "labels and conclusions;" a formulaic recitation of the elements of a cause will not do." *Id.* (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). "Factual allegations must be enough to raise a right to relief above the speculative level." *Id*. (citations omitted). "Facts that are 'merely consistent with' the plaintiff's legal theory will not suffice when, 'without some further factual enhancement [they] stop short of the line between possibility and plausibility of "entitle[ment] to relief."'" *Weissman v. National Association of Securities Dealers, Inc.*, 500 F.3d 1293, 1310 (11th Cir. 2007) (quoting T*wombly*, 127 S. Ct. at 1966) (quoting *DM Research, Inc. v. College of American Pathologists*, 170 F. 3d 53, 56 (1st Cir. 1999)).

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Id.* (quoting *Twombly*, 550 U.S. at 570). Furthermore, as noted by the Supreme Court, the pleading party must "nudge[] [their] claims across the line from conceivable to plausible[; otherwise, their claims] must be dismissed." *Twombly*, 127 S. Ct. at 1974.

**B. Plaintiff's Complaint Fails to State a Claim For Relief Against Defendants.**

Each of the six counts alleged by Plaintiff against Defendants fails to establish a claim for which relief may be granted. Particularly, the entirety of Plaintiff's Complaint is based upon the assertion that: (i) Defendants did not have the authority to use Plaintiff's name and/or image without Plaintiff's prior consent, and (ii) at no point in time has Plaintiff ever been a client of Defendants, including, without limitation, for the purpose of obtaining plastic surgery services or penile enhancement surgery.

However, it is clear from the Photo itself that the taking thereof was not a random happenstance or unsolicited occasion. The content of the Photo shows Plaintiff in Defendants' office, next to Defendant in her role as a businesswoman/aesthetician (i.e. in professional attire). Thus, it is disingenuous for Plaintiff to claim or allege that Plaintiff – who wishes for the Court to believe randomly stumbled into a medspa without purpose or specific intent – agreed to take the Photo under the "sole impression that [Defendant] was a fan seeking the photograph for her private and personal enjoyment." *See* D.E. 1, ¶ 65. The Photo is not representative of Plaintiff running into a random fan in the middle of the street; rather, it specifically highlights Plaintiff in a specific situation, for a specific purpose, in exchange of a specific transaction, each as further explained below.

In sum, Plaintiff's claims suffer for the following reasons: (1) Plaintiff was, in fact, a client of Defendants, as evidenced by the Exhibits detailing Defendants' records and other forms of documentation[1], and Affidavit attached hereto; (2) in exchange for medspa services, Plaintiff agreed to take the Photo and allow it to be shared by Defendants on Defendants' social media profiles, and (3) at no point in time have Defendants ever stated or implied that Plaintiff received plastic surgery services or penile enhancement surgery from Defendants.

    **i.    Count One – Right of Publicity – Unauthorized Misappropriation of Name/Likeness Pursuant to Fla. Stat. §540.08**

Fla. Stat. §540.08 prohibits the unauthorized publication of a person's name or likeness. Specifically, the statute states:

> *No person shall publish, print, display or otherwise publicly use for purposes of trade or for any commercial or advertising purpose the name, portrait, photograph, or other likeness of any natural person without the express written or oral consent to such use given by ... [s]uch person*

---

[1] Plaintiff's Complaint cites to Defendants' status as a provider of health care services and ability to know whether an individual was treated by them based on "records and other forms of documentation" on numerous occasions. *See e.g.,* D.E. 1, ¶¶4, 100

In order to state a cause of action for violation of §540.08, the plaintiff must properly allege that his or her name or likeness was used to directly promote a commercial product or service. *See Fuentes v. Mega Media Holdings, Inc*., 721 F. Supp. 2d 1255, 1258 (S.D. Fla. 2010). If such use is not made for any trade, commercial, or advertising purpose, then a claim for unauthorized misappropriation cannot exist. *See Valentine v.* CBS, Inc., 698 F.2d 430, 433 (11th Cir.1983) (recognizing that the proper interpretation of Fla. Stat. §540.08 requires the plaintiff to prove that the defendants used a name or likeness to directly promote a product or service); *Tyne v. Time Warner Entm't Co., L.P*., 204 F.Supp.2d 1338 (M.D.Fla.2002) (recognizing that Fla. Stat. §540.08 only prohibits the use of a name or image when such use directly promotes a commercial product or service); *Epic Metals Corp. v. CONDEC, Inc*., 867 F. Supp. 1009, 1016 (M.D.Fla.1994) ("Florida Statute §540.08 prevents the unauthorized use of a name or personality to directly promote the product or service of the publisher." ); *National Football League v. The Alley, Inc*., 624 F. Supp. 6, 7 (S.D.Fla.1983) ("Section 540.08 of the Florida Statutes prohibit unconsented use of an individual's name and likeness only when such directly promotes a commercial product or service"); *Loft v. Fuller*, 408 So.2d 619, 622 (Fla. 4th DCA 1981) ("In our view, Section 540.08, by prohibiting the use of one's name or likeness for trade, commercial, or advertising purposes, is designed to prevent the unauthorized use of a name to directly promote the product or service of the publisher"). As such, the initial issue presented is whether Defendants' use of the Photo was done to directly promote a commercial product or service.

The Photo shows Plaintiff standing with his arm around Defendant (with Defendant dressed in professional attire), in the middle of Defendants' office, and was posted on Defendants' social media profiles with the caption, "Thank you @50cent for stopping by the number one med spa @bh_perfection_medspa." However, neither the Photo itself, nor the caption thereof, purports

to show use of the Photo in **direct** promotion with any commercial product or service (i.e. offered medspa treatments, products, endorsement of plastic surgery services, endorsement of penile enhancement services, etc.). Rather, the Photo is an innocuous capture of Plaintiff and Defendant in Defendants' office, with Defendants' inclusion of a sentence containing pure puffery. However, the Photo does not expressly or implicitly associate or attribute such claims to be the words of Plaintiff.

Inclusion of one's name, likeness, portrait, or photograph in any type of publication does not give immediate rise to a valid cause of action under §540.08. *See Valentine v. C.B.S., Inc.*, 698 F.2d 430, 433 (11th Cir.1983) (upholding a decision to grant summary judgment against plaintiff, who brought a claim under Florida Statute § 540.08 when Bob Dylan used her name in a song. The Eleventh Circuit reasoned that because the defendants did not use her name to directly promote a product or service, "use of a name is not harmful simply because it is included in a publication sold for profit."). The Court has issued numerous decisions in support of this notion. *See, e.g., Lane,* 242 F. Supp. 2d 1205 (M.D.Fla.2002)*; Tyne,* 204 F. Supp. 2d 1338 (M.D.Fla.2002)*; Loft,* 408 So. 2d 619 (Fla. 4th DCA 1981).

In *Fuentes*, the Southern District of Florida granted a motion to dismiss a claim under §540.08 upon determination that the plaintiff's name and likeness – which plaintiff claimed was used by defendant without his consent – were not used for trade, commercial, or advertising purposes, because the publication at issue – the *Maria Elvira Live* show – was a television program intended to entertain and/or inform the public.

Similarly, not only is Plaintiff's name and image not being used to directly promote any service or product of Defendants (as, again, there are no endorsement statements attributable to Plaintiff included or captioned in the Photo, nor does Defendants' caption state that Plaintiff

received any services from Defendants), but Defendants' sharing of the Photo was made solely for entertainment purposes (i.e. to share on social media amongst Defendants' followers). Defendants' have never shared the Photo with any third party publication for the purpose of claiming Plaintiff received plastic surgery services and/or obtained a penile enhancement procedure from Defendants or expressly stating the Plaintiff endorsed such services. *See* Aff. Of Angela Kogan, ¶ 9-10. Any allegation to the contrary is: (i) a legal conclusion, absent of factual support to support such claim, and (ii) further problematic in that Plaintiff has wrongfully elected to apply the acts of a third party onto Defendants.

Alternatively, even if the Court were to determine that Plaintiff's name and image were used to directly promote a product or service, such use was made with the prior consent of Plaintiff. *See* Aff. Of Angela Kogan, ¶ 8. As shown via **Exhibit A**, attached hereto, Plaintiff's girlfriend visited Defendants' office for the purpose of receiving free medspa services in exchange for promoting Defendants' business. Plaintiff joined his girlfriend on this visit, and also agreed to receive free medspa services in exchange for promoting Defendants' business via taking the Photo and allowing it to be shared on Defendants' social media profiles. Plaintiff's approval of Defendants' use of the Photo is further evidenced by the fact Defendants have – over the course of a two year span – shared the Photo on Defendants' social media on multiple occasions without incident or prior demand to cease and desist from Plaintiff. As Plaintiff's consent constitutes authorized use of the Photo to be shared by Defendants' on Defendant' social media profile, coupled with the fact Plaintiff enjoyed a benefit via the receipt of free medspa services in exchange for the Photo (*see* Aff. Of Angela Kogan, ¶ 8), Plaintiff is unable to assert a claim under §540.08. Furthermore, as Defendants has never shared the Photo with any online publication for the purpose claiming Plaintiff's endorsement or promotion of Defendants' services, (*see* Aff. Of Angela

Kogan, ¶¶9-10), Defendants cannot be held responsible for the acts of third parties for which Defendants have no control or influence over.

### ii. Count Two – Common Law Invasion of Privacy

Under Florida common law, the tort of invasion of privacy is divided into the following categories: (1) intrusion into individual's physical solitude or seclusion; (2) public disclosure of private facts; (3) portraying individual in false light in public eye; and (4) appropriation, i.e. commercial exploitation of property value of one's name. *See Fuentes*, 721 F. Supp. 2d at 1260. To prevail on the common law claim, Plaintiff must allege Defendants commercially used the value of Plaintiff's name for commercial, trade, or advertising purposes. *See Almeida v. Amazon.com, Inc.*, 456 F.3d 1316, 1320 n. 1 (11th Cir.2006) (finding that the statutory and common law rights of publicity are "substantially identical").

As the analysis for a common law invasion of privacy-misappropriation claim (which is what Count II of Plaintiff's Complaint purports to be, as it simply recites the same allegations referenced in Count I of Plaintiff's Complaint), it follows that Count II of Plaintiff's Complaint must be dismissed for the reasons relating to Count I – i.e. (1) the Photo does not depict use of Plaintiff's name or image for the purpose of directly promoting a product or service, (2) Defendants shared the photo solely on Defendants' social media profile for entertainment purposes, (3) Defendants have never shared the Photo with any online publication for the purpose of claiming or implying Plaintiff received plastic surgery services and/or obtained a penile enhancement procedure from Defendants, and (4) alternatively, if the Court were determined that Defendants' use of the Photo was done for commercial, trade, or advertising purposes, Plaintiff consented to such use via his agreement to receive free medspa services in exchange for taking the Photo for the purpose of allowing Defendants to share it on Defendants' social media profiles.

### iii. Count Three – Violation of the Lanham Act, 15 U.S.C. §1125(a): False Endorsement

§1125(a) of the Lanham Act states:

> *Any person who, on or in connection with any goods or services, or any container for goods, uses in commerce any word, term, name, symbol, or device, or any combination thereof, or any false designation of origin, false or misleading description of fact, or false or misleading representation of fact, which—(A) is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of such person with another person, or as to the origin, sponsorship, or approval of his or her goods, services, or commercial activities by another person…shall be liable in a civil action by any person who believes that he or she is or is likely to be damaged by such act*

To state a claim for false endorsement under the Lanham Act, the plaintiff must show: (1) that it had trademark rights in the mark or name at issue, and (2) that the other party adopted a mark or name that was the same or confusingly similar to its mark, such that consumers were likely to confuse the two. *See Suntree Techs., Inc. v. Ecosense Int'l, Inc.*, 693 F.3d 1338, 1346 (11th Cir. 2012); *see also Univ. of Ala. Bd. of Trs. v. New Life Art, Inc.*, 683 F.3d 1266, 1278 (11th Cir. 2012) ("[W]e have never treated false endorsement and trademark infringement claims as distinct under the Lanham Act.").

As a general rule, a person's image or likeness cannot function as a trademark. *See Lancaster v. Bottle Club, LLC*, 2017 WL 3008434, at *6 (M.D. Fla. July 14, 2017) (citing *ETW Corp. v. Jierh Pub., Inc.*, 332 F.3d 915 (6th Cir. 2003)). To the extent Plaintiff is specifically asserting that Defendants' use of the Photo without permission allegedly confused the public regarding Plaintiff's association with Defendants' goods and services, Plaintiff's claim still fails.

Courts have recognized false endorsement claims under the Lanham Act where a celebrity's image or persona is used in association with a product so as to imply that the celebrity endorses the product. *Id.* Because the Photo does not: (1) show Plaintiff's name or image in the promotion of any of Defendants' products or services (as the caption simply thanks Plaintiff for

visiting Defendants' office), or (2) contain any statements that may be attributed to Plaintiff as endorsing Defendants' plastic surgery services or penile enhancement surgery, there can be no implied endorsement.

But even so, as the Photo was taken by Plaintiff in exchange for free medspa services with the specific purpose of allowing Defendants to share on Defendants' social media profiles and/or promote Defendants' business (*see* Aff. Of Angela Kogan, ¶ 8), such Photo was used by Defendants as intended between the parties, and Plaintiff is thereby precluded from claiming damages as a result. Plaintiff attempts to skirt past this agreement by claiming Defendants acted inappropriately by sharing the Photo with third party publications and/or sharing statements implying that Plaintiff was Defendants' client for plastic surgery and penile enhancement procedures. *See* D.E. 1, ¶ 92. However, (1) at no point in time has Defendants shared the Photo with any online publication (*see* Aff. Of Angela Kogan, ¶ 9-10), and (2) in the Article that serves as the impetus of this action (which Article was not drafted or composed by Defendants), at no point therein does Defendant claim that Plaintiff has ever received plastic surgery or obtained a penile enhancement procedure from Defendants, with the only reference to Plaintiff therein being the following sentence: "*Angela Kogan, who runs the Perfection Plastic Surgery And Medical Spa in Miami, has an extensive clientele of celebrities, including FloRida, 50 Cent, Odell Beckham, and more, that remain confidential*." As Plaintiff has been a client of Defendants (*see* Aff. Of Angela Kogan, ¶ 7-8), such statement is neither a false nor misleading representation of fact. As a result, Plaintiff is unable to sufficiently state a cause of action for false endorsement.

   **iv. Count Four – Violation of the Lanham Act, 15 U.S.C. §1125(a): False Advertising**

Furthermore, under the Lanham Act, to state a claim for false advertising, the plaintiff must plead each of the following: (1) the defendant's statements were false or misleading; (2) the

statements deceived, or had the capacity to deceive, consumers; (3) the deception had a material effect on the consumers' purchasing decision; (4) the misrepresented service affects interstate commerce; and (5) it has been, or likely will be, injured as a result of the false or misleading statement. *See Sovereign Military Hospitaller Order of Saint John of Jerusalem of Rhodes & of Malta v. Fla. Priory of Knights Hospitallers of Sovereign Order of Saint John of Jerusalem, Knights of Malta, Ecumenical Order*, 702 F.3d 1279, 1294 (11th Cir. 2012).

As with Plaintiff's claim for false endorsement, because: (1) neither the Photo, nor Defendants' sharing thereof, contain false or misleading statements (as Plaintiff has been a client of Defendants for the purpose of receiving medspa services, *see* Aff. Of Angela Kogan, ¶ 7) or purport to show or imply that Plaintiff received plastic surgery and/or sexual enhancement procedures from Defendants, (2) at no point in time have Defendants ever shared the Photo or other statements with any online publication for the purpose of expressing Plaintiff as an individual who received plastic surgery services or obtained a penile enhancement procedure from Defendants (*see* Aff. Of Angela Kogan, ¶ 9), and (3) the taking and use of the Photo was agreed upon between the parties in exchange for Plaintiff's receipt of free medspa services (Aff. Of Angela Kogan, ¶ 8), it follows that Plaintiff is also unable to assert a claim for false advertising.

  **v.**  **Count Five – Conversion**

According to Florida law, conversion is an "unauthorized act which deprives another of his property permanently or for an indefinite period of time." *Fogade v. ENB Revocable Trust*, 263 F.3d 1274, 1291 (11th Cir.2001). "Thus, in order to state a claim of conversion, one must allege facts sufficient to show ownership of the subject property and facts that the other party wrongfully asserted dominion over that property." *Indus. Park Dev. Corp. v. Am. Exp. Bank, FSB*, 960 F. Supp. 2d 1363, 1366 (M.D. Fla. 2013) (citing *Edwards v. Landsman*, 51 So.3d 1208, 1213 (Fla.

4th DCA 2011)); *see also Del Monte Fresh Produce Co. v. Dole Food Co., Inc*., 136 F.Supp.2d 1271, 1294 (S.D.Fla.2001) (stating In Florida, to state a claim for conversion, a plaintiff must allege an "(1) act of dominion wrongfully asserted; (2) over another's property; ... (3) inconsistent with his ownership therein."). Plaintiff's claim for conversion fails, as Plaintiff is unable to satisfy either the first or third element cited in *Del Monte*.

As Defendants' taking and sharing of the Photo was consented to by Plaintiff in exchange for Plaintiff's receipt of free medspa services (*see* Aff. Of Angela Kogan, ¶ 8), Plaintiff is unable the allege that Defendants wrongfully asserted dominion over Plaintiff's name and image inconsistent with Plaintiff's ownership therein. For such reasons, Plaintiff's claim of conversion must be dismissed.

### vi. Count Six – Unjust Enrichment

The Florida Supreme Court has stated that "[t]he elements of an unjust enrichment claim are a benefit conferred upon a defendant by the plaintiff, the defendant's appreciation of the benefit, and the defendant's acceptance and retention of the benefit under circumstances that make it inequitable for him to retain it without paying the value thereof." *Florida Power Corp. v. City of Winter Park*, 887 So.2d 1237, 1242 n. 4 (Fla.2004).

Plaintiff contends that Plaintiff conferred a benefit upon Defendants by voluntarily taken the Photo, and that it would be inequitable for Defendants to retain the benefits conferred upon them by using the Photo without paying fair value for the image. *See* D.E. 1, ¶¶ 112, 114. However, as Plaintiff received value in exchange for the Photo – namely, free medspa services – not only was such an express transaction (*see e.g., Validsa, Inc. v. PDVSA Servs.,* 424 F. App'x 862, 873 (11th Cir.2001) (affirming district court's dismissal of counterclaim for unjust enrichment due to the existence of an express contract)), but it would also not be inequitable for Defendants to retain

the benefit, because Defendants have given Plaintiff value in exchange for the Photo. *See, e.g. Pincus v. Am. Traffic Sols., Inc.,* 25 F.4th 1339, 1341 (11th Cir. 2022) (concluding that plaintiff failed to state a claim for unjust enrichment because plaintiff had received "value in exchange" for the conferred benefit.). Based on the fact each party received a mutually agreed upon benefit from the other, there is no circumstance in which it would be inequitable for the parties to retain the respective benefits conferred, and Plaintiff's claim of unjust enrichment must be dismissed as a result thereof.

## CONCLUSION

WHEREFORE, for the reasons set forth above, Defendants respectfully request that the Court enter an Order dismissing Plaintiff's Complaint, with prejudice, and granting such other relief as the Court deems just and appropriate.

October 12, 2022                                                    Respectfully submitted,

**HEITNER LEGAL, P.L.L.C**
*Attorney for Defendants*
215 Hendricks Isle
Fort Lauderdale, FL 33301
Phone: 954-558-6999
Fax: 954-927-3333

By: _/s/ Darren A. Heitner_
DARREN A. HEITNER
Florida Bar No.: 85956
Darren@heitnerlegal.com

## CERTIFICATE OF SERVICE

I hereby certify that on October 12, 2022, I served a true and correct copy of the foregoing Motion via CM/ECF, which shall serve a copy hereof upon counsel of record for Plaintiff

By: _/s/ Darren A. Heitner_
DARREN A. HEITNER