UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Civil Case No.: 1:22-cv-22972-RNS/GOODMAN

CURTIS J. JACKSON, III p/k/a 50 CENT,

    Plaintiff,

  v.

ANGELA KOGAN, PERFECTION PLASTIC SURGERY, INC. d/b/a PERFECTION PLASTIC SURGERY & MEDSPA, and THE SHADE ROOM, LLC d/b/a THE SHADE ROOM,

    Defendants.

_____/

## INTERIM JOINT STATUS REPORT

Pursuant to the Court's Scheduling Order and Order of Referral to Mediation (Dkt. 24), Plaintiff Curtis J. Jackson, III p/k/a 50 Cent ("Jackson") and Defendants Angela Kogan ("Kogan") and Perfection Plastic Surgery, Inc. d/b/a Perfection Plastic Surgery & MedSpa ("MedSpa") hereby submit the following Interim Joint Status Report:

**A.     Have all defendants been served? If not, state the reasons.**

Jackson filed the Complaint against Kogan and MedSpa on September 16, 2022 (Dkt. 1), and Kogan was served on September 22, 2022 (Dkt. 14) and MedSpa was served on September 21, 2022 (Dkt. 15). Jackson subsequently filed the First Amended Complaint on January 16, 2023 (Dkt. 29), and added The Shade Room, LLC d/b/a The Shade Room ("TSR") as an additional defendant. TSR was served today, January 19, 2023.

**B.     Have all defendants responded to the complaint? If not, state the reasons.**

No defendants have responded to the First Amended Complaint because Kogan and MedSpa's response is due on January 30, 2023 and TSR's response is due on February 9, 2023.

1

C. **If this is a class action, has a motion for class certification been filed? If so, what is its status?**

This case is not a class action.

D. **Have the parties agreed on and selected a mediator? Have the parties agreed upon a place, date, and time for mediation?**

Before the First Amended Complaint was filed and TSR was added as a defendant, Jackson, Kogan, and MedSpa agreed to mediation before Mark E. Stein, Esq. on February 28, 2023 at 10:00 a.m. by video conference. Because TSR was served today, TSR has not been consulted as to its availability for the mediation conference. Jackson's counsel, however, will promptly reach out to TSR's counsel regarding the mediation conference.

E. **Have the parties engaged in informal settlement negotiations? If not, explain the reasons for the failure to do so. If yes, state the status of such negotiations (*e.g.*, ongoing, impasse, etc.) and the relative prospects for resolution through informal means.**

The parties have engaged in informal settlement negotiations, but the negotiations remain at an impasse and resolution through informal means is unlikely.

F. **Describe the status of discovery conducted to date, and identify whether the parties reasonably believe that they will be able to complete discovery by the Court's deadline. If not, explain the reasons.**

To date, the following discovery has been conducted: (i) Jackson, Kogan, and MedSpa exchanged initial disclosures on November 15, 2022; (ii) Jackson served requests for production and interrogatories on Kogan and MedSpa on November 28, 2022, and Kogan and MedSpa responded to those discovery requests on January 9, 2023; (iii) MedSpa served requests for production and interrogatories on Jackson on January 12, 2023, and Jackson's responses are currently due on February 13, 2023; (iv) Jackson's deposition is scheduled for February 21, 2023; and (v) Jackson is waiting for Kogan's counsel to confirm Kogan's availability to be deposed.

Additionally, before TSR was added as a defendant, Jackson served a document subpoena on TSR on December 2, 2022 and a deposition subpoena on TSR on December 15, 2022. TSR served written objections and responses to the document subpoena, stating that it would produce documents, but to date, TSR has not produced any documents. TSR, however, failed to serve written objections and responses or produce a witness in response to the deposition subpoena.

Jackson, Kogan, and MedSpa have been diligent in conducting discovery, but the filing of the First Amended Complaint and addition of TSR as a defendant means that the parties may not be able to complete fact discovery by the Court's current deadline—February 23, 2023.

**G.     Identify any other issues that the Court should be aware of that may affect the resolution of this matter or the schedule as currently set.**

As addressed in Section F, the filing of the First Amended Complaint and addition of TSR as a defendant may affect the schedule as currently set.

Dated:  January 19, 2023

Respectfully submitted,

| **AKERMAN LLP** | **HEITNER LEGAL, P.L.L.C.** |
|---|---|

 /s/ Eamon O'Kelly                                   /s/ Darren A. Heitner                             
Joseph Rebak, Esq.                                    Darren A. Heitner, Esq.
Florida Bar No. 308668                              Florida Bar No. 85956
Alejandro J. Paz, Esq.                               215 Hendricks Isle
Florida Bar No. 1011728                           Fort Lauderdale, FL 33301
Three Brickell City Centre                         Tel.: (954) 558-6999
98 Southeast Seventh Street, Suite 1100   Fax: (954) 927-3333
Miami, Florida 33131                                 darren@heitnerlegal.com
Tel.: (305) 374-5600
Fax: (305) 374-5095                                  *Attorneys for Defendants Angela Kogan and*
joseph.rebak@akerman.com                  *Perfection Plastic Surgery, Inc. d/b/a*
alejandro.paz@akerman.com             *Perfection Plastic Surgery & MedSpa*

Craig Weiner, Esq. (*pro hac vice*)
Eamon O'Kelly, Esq. (*pro hac vice*)
Reena Jain, Esq. (*pro hac vice*)
1251 Avenue of the Americas, 37th Floor
New York, New York 10020
Tel.: (212) 880-3800
Fax: (212) 880-8965
craig.weiner@akerman.com
eamon.okelly@akerman.com
reena.jain@akerman.com

*Attorneys for Plaintiff Curtis Jackson, III p/k/a 50 Cent*

## CERTIFICATE OF SERVICE

I hereby certify that on this 19th day of January 2023, a true and correct copy of the foregoing motion was served via the Court's CM/ECF System upon all counsel of record.

 /s/ Alejandro J. Paz                        
Alejandro J. Paz

4